8

Court No. 83-9-01314

Before CARMAN, *Judge.*

(January 25, 1984)

*Richard K. Willard,* Acting Assitant Attorney General; *David M. Cohen,* Director; (*A. David Lafer* and *J. Kevin Horgan* on the motion) for the plaintiff.
*Whitman & Ransom, (John M. Dowd* and *Andrew L. Lipps* on the motion) and *Heron, Burchette, Ruckert and Rothwell, (Thomas Rothwell* on the motion) for the defendant.

CARMAN, *Judge:* Plaintiff in this action seeks the recovery of penalties and duties, alleging the defendant filed material and false entry documents with respect to importations made between January 1, 1972 and December 30, 1978. The case is before the court on defendant's motion to dismiss Count I of the amended complaint, which alleges fraud in the preparation of the entry documents, for failure to state with sufficient particularity the circumstances constituting the fraud. *See* U.S. Ct. Int'l Trade R. 9(b). Defendant also has moved to dismiss the entire amended complaint, alleging that it fails to satisfy rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* R. 8(a)(2). In the alternative, with regard to Counts II through VI, the nonfraud Counts, defendant has moved for a more definite statement pursuant to rule 12(e), asserting that the allegations in these Counts are so vague that defendant cannot frame a responsive pleading.

Plaintiff indicates this action was instituted after administrative proceedings commenced by a prepenalty notice, dated April 26, 1979. These proceedings were suspended during the pendency of a related grand jury investigation of the defendant. The grand jury investigation apparently resulted in no indictment or allegation of malfeasance or nonfeasance. A penalty notice was not issued until August 23, 1983. The defendant responded to the notice by filing a petition for remission on August 29, 1983, and made an oral presentation to the United States Customs Service (Customs) on September 1, 1983. Customs issued its final decision on September 6, 1983.

Defendant had submitted three annual statute of limitations waivers during the administrative proceedings. The last of these waivers was due to expire on September 15, 1983. The original complaint was filed on September 14, 1983. The first amended complaint was filed on September 20, 1983.

Plaintiff asserts that defendant refused to grant Customs auditors access to its corporate records and thus prevented Customs

from obtaining more specific information as to the approximately 27,000 entries which plaintiff contends are in question.

Count I of the amended complaint alleges fraud in a conclusory form without setting forth the circumstances constituting the fraud with any particularity. Paragraph 6 of the amended complaint merely states that "at least 14% of the merchandise * * * was falsely described." Rule 9(b) of the Court of International Trade Rules provides in part:

> Fraud, Mistake, Condition of the Mind. In all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated *with particularity.*

U.S. Ct. Int'l Trade R. 9(b) (emphasis added). Compelling policy considerations are behind the fraud with particularity requirement. The rule deters the filing of malicious, or strike, suits brought solely to harass or for settlement value. It also protects defendants from unknown and unwarranted allegations of culpable misconduct and the concomitant stigma of such accusations. In a practical sense, the rule assures that a defendant will be alerted to the particular transactions in question and be able to mount an effective and meaningful defense. "Mere conclusory allegations" of fraud are precisely what the rule seeks to preclude. *Shemtob* v. *Shearson, Hamill & Co.,* 448 F.2d 442, 444 (2d Cir. 1971); *see In re Commonwealth Oil/Tesoro Petroleum Corp. Securities Litigation,* 467 F. Supp 227, 250 (W.D. Tex. 1979) ("A plaintiff in a non-9(b) suit can sue now and discover later what his claim is, but a Rule 9(b) claimant must know what his claim is when he files it."); *Todd* v. *Oppenheimer & Co.,* 78 F.R.D. 415, 419–21 (S.D.N.Y. 1978).[1]

As to Counts II through VI of the amended complaint, Counts II and IV are based upon a theory of gross negligence; Counts III and V are based upon a theory of negligence. Count VI recites the lawful duties allegedly deprived the United States by defendant. Different penalty amounts are alleged pursuant to the alternative calculation methods set forth by statute. Otherwise, Counts II through VI appear to be based upon the same factual allegations contained in Count I of the amended complaint.

Defendant maintains that these Counts fail to satisfy the requirements of Rule 8(a)(2) of the Rules of the United States Court of International Trade. Rule 8(a)(2) provides in part:

> Claims for Relief. A pleading which sets forth a claim for relief * * * shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief * * *.

U.S. Ct. Int'l Trade R. 8(a)(2). Defendant points out that while the requirements of rule 8(a)(2) are less strict than those in fraud cases, rule 8(a)(2) still requires that a claim be set forth in sufficient

---

[1] Because Rule 9(b) of the Rules of the United States Court of International Trade is identical to Rule 9(b) of the Federal Rules of Civil Procedure, authorities with respect to the latter provision are accordingly applicable.

detail to give fair notice of the claim asserted and enable the adverse party to answer and prepare for trial. *See Conley* v. *Gibson,* 355 U.S. 41, 47 (1957); *Joiner Systems, Inc.* v. *AVM Corp.,* 517 F.2d 45, 47 (2d Cir. 1975). As to Counts II through VI, the amended complaint must set forth a concise and plain statement with some specificity regarding the merchandise that the United States claim was entered under the alleged false documents in order to enable the defendant to answer properly and prepare for trial.

Accordingly, after consideration of the matter, it is

ORDERED that the defendant's motion to dismiss is denied; and it is further

ORDERED that within 30 days of the filing date of this order plaintiff file a second amended complaint in conformity with rule 9(b) of the rules of this court as to Count I, and in compliance with rule 8(a)(2) as to the remaining Counts; and it is further

ORDERED that if such second amended complaint is not filed within 30 days of the filing date of this order, the Clerk of the Court shall enter judgment dismissing the amended complaint.